**Slip Op. 02-142**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| **KAO HSING CHANG IRON & STEEL CORPORATION**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| and | : | |
| | : | |
| **ACI CHEMICALS, INC., and YU DIN STEEL COMPANY, LTD**, | : | |
| | : | |
| Plaintiff-Intervenors, | : | |
| | : | |
| v. | : | **Consol. Court No. 00-00026** |
| | : | |
| **UNITED STATES**, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| **WHEATLAND TUBE COMPANY**, | : | |
| | : | |
| Defendant-Intervenor. | : | |

[United States Department of Commerce antidumping determination remand results sustained; action dismissed.]

December 6, 2002

Miller & Chevalier, Chartered (F. David Foster and Kristen S. Smith), for Plaintiff.

Holland & Knight, LLP (Frederick P. Waite and Kimberly R. Young), for Plaintiff-Intervenors.

Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, United States Department of Justice; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; Lucius B. Lau, Assistant Director, International Trade Section, Commercial Litigation Branch, Civil Division, United States Department of Justice

(Claudia Burke); Philip Curtin, of counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for Defendant.

Schagrin Associates (Roger B. Schagrin), for Defendant-Intervenor.


**MEMORANDUM OPINION**

EATON, Judge:  This matter is before the court on the motion of Plaintiff Kao Hsing Chang Iron & Steel Corporation ("KHC") for judgment upon the agency record pursuant to USCIT R. 56.2. By its motion KHC contests the results issued by the United States Department of Commerce ("Commerce") in its sixth administrative review of the antidumping order covering carbon steel pipes from Taiwan contained in Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan: Final Results of Antidumping Duty Administrative Review, 64 Fed. Reg. 69,488 (Dec. 13, 1999), amended by Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan; Amended Final Results of Antidumping Duty Administrative Review, 65 Fed. Reg. 5,310 (Feb. 3, 2000).  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(A)(i)(I) (2000).


On May 30, 2002, this court remanded this action to Commerce in order for it to "conduct further proceedings . . . including consulting with KHC to develop an acceptable method for providing missing production quantity data for KHC's [cost of production and constructed value] databases."  Kao Hsing Chang Iron & Steel Corp. v. United States, 26 CIT __, __, Slip Op. 02-48 at 14 (May 30, 2002).  Commerce released its remand results on September 27, 2002.  See Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan Final Results of

Redetermination Pursuant to Court Remand Kao Hsing Chang Iron & Steel Corp. v. United States, Court No. 00-10026 (Sept. 27, 2002) ("Remand Results").

In complying with the court's order, Commerce "issued to KHC a supplemental questionnaire eliciting the missing information, to be accompanied, like all questionnaire responses, by supporting worksheets, contemporary financial statements and computer-readable data files." Remand Results at 2. On June 26, 2002, prior to the deadline for submission of information, KHC requested an extension of time as it was "now preparing the requested information [which was] still not complete" and because it was experiencing difficulties compiling the requested data in computer-readable format due to its "sales/cost data discs [being] soaked . . . by heavy rainstorms . . . ." Id. at 3. On July 8, 2002, KHC submitted "a brief response which offered no pertinent information, in any format, despite its June 26 statement that it was 'now preparing the requested information.'" Id. Commerce deemed this submission "deficient" because "it did not provide any [usable] information in place of the still unreported costs and quantities." Id.

On July 18, 2002, Commerce issued KHC a second supplemental questionnaire by which it "again solicited information from KHC such as would permit it to develop an 'acceptable method for providing missing production quantity data for KHC's [cost of production and constructed value] databases.'" Id. In this supplemental questionnaire, Commerce requested:

> 1) an explanation and proposed use of the summary cost and production data which KHC submitted on July 8, 2002; 2) a request for legible, computer-ready data, supported by "complete

> and verifiable tables and narrative to tie them to [KHC's] cost
> response and financial statements"; 3) a request for revised data
> with supporting worksheets; 4) confirmation and documentation of
> destruction caused by "heavy rains," with independent
> corroboration; 5) explanation of why no back-up data exists; and 6)
> explanation of KHC's failure to mention in its June 26 extension
> request that data were destroyed . . . .

Id. KHC submitted its response to this supplemental questionnaire on July 31, 2002, which

stated in part that KHC did not "understand the statements about KHC needing to provide

additional data." Id. at 4. After reviewing this submission, Commerce found it to be "deficient

in virtually all respects" in that KHC did not provide the specific data requested, did not provide

data it assured Commerce it would provide, failed to submit data in the correct computer-

readable form, and failed to provide supporting documentation. Id.


As a result of its review of the submitted information, Commerce determined that the use

of facts available was warranted for the missing data because "in response to the first or second

questionnaires, or at any point, KHC could have finally provided legible versions of the missing

data, with the supporting worksheets and computer-readable versions which the Department had

all along requested." Id. at 4 (citing 19 U.S.C. § 1677e(a)(1) (2000), 19 C.F.R. § 351.308(a)

(2002)). Commerce made the additional finding that KHC had "failed to cooperate by not acting

to the best of its ability to comply with a request for information." Id. at 5 (citing 19 U.S.C. §

1677(e)(b), 19 C.F.R. § 351.308(a)). Commerce explained:

> KHC's failure to provide the requested information necessitates the
> use of an adverse inference with respect to the missing cost and
> production data. The Department considers KHC's
> misrepresentations regarding the availability and utility of its data
> and its refusal to resubmit the proposed surrogate data in an

appropriate form or with appropriate supporting documentation a failure to comply to the best of its ability.

Id. at 6 (citation omitted).  In selecting adverse facts, Commerce stated:

[T]he Department sought to ensure that it did not apply adverse facts of an unduly punitive nature, since in the review KHC otherwise complied with the Department's questionnaires.  For these remand results the Department at first performed extensive re-coding of the cost test portion and related segments of the analysis program, substituting the weight-averaged costs of groups of similar products, rather than the highest reported costs of groups of similar products, for the missing data.  By this means the Department confirmed that the cost averages it used in the review as substitutes for the unreported data are in fact the least adverse of the partial adverse facts available on the record.

Id. at 6–7 (citation omitted).  Using this methodology Commerce found that "[t]here is no change in the remand results from the amended final results."  Id. at 7.

KHC then submitted comments in response to the Remand Results.  See Comments of Kao Hsing Chang Iron & Steel Corp. on Final Results of Redetermination Pursuant to Court Remand (Oct. 22, 2002).  While KHC objects to certain portions of the Remand Results, it states that "in view of Commerce's efforts at recoding to ensure the use of least adverse facts available, and KHC's determination that it can devote no further resources to this matter, KHC will not dispute the remand results."  Id. at 3.  In response to KHC's comments, the Government urges the court to enter final judgment on this matter.  See Defendant's Rebuttal to Comments of Kao Hsing Chang Iron & Steel Corp. on Final Results of Redetermination Pursuant to Court Remand, 1–2 (Nov. 4, 2002).

## DISCUSSION

The court will sustain Commerce's determinations contained in the Remand Results unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 19 U.S.C. § 1516a(b)(1)(A). Under this standard Commerce "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962)).

Here, Commerce has complied with the court's remand order of May 31, 2002 by attempting to develop an acceptable method for supplying missing data for KHC's cost of production and constructed value databases. In addition, Commerce has examined the data provided by KHC and adequately articulated its reasons for applying facts available and adverse facts available. See 19 U.S.C. § 1677e (authorizing use of facts available where interested party or other person fails to cooperate, and use of adverse inferences where interested party or other person fails to act to the best of its ability); Ferro Union, Inc. v. United States, 23 CIT 178, 196–98, 44 F. Supp. 2d 1310, 1327–28 (1999). Indeed, at no point does KHC make a serious effort to refute Commerce's contentions that it failed to respond adequately or cooperate with Commerce's attempts to supply missing cost of production and constructed value information. In addition, KHC's claim that it did not "understand" what information was being requested of it is impossible to credit since the object of its motion was to gain KHC the opportunity to submit the missing cost of production and constructed value data in conformity with Commerce's

requests. Therefore, as Commerce has complied with the court's remand instructions, articulated

a rational connection between the facts found and the choices made, and as KHC does not

dispute the Remand Results, the court hereby sustains the Remand Results and dismisses this

action. Judgment shall be entered accordingly.


_____
                                   Richard K. Eaton


Dated: December 6, 2002
        New York, New York